IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America ) | 4:02-cr-00267-CWH-5 |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Clarence Jeffrey Ceasar ) | |
| ) | |

On April 24, 2002, Clarence Jeffrey Ceasar (the "defendant"), having already been convicted of two prior felony drug offenses, pleaded guilty to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of cocaine base, commonly known as crack cocaine, and 5 kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) & 846.

On September 5, 2002, the Court adopted a drug quantity of 5.63 kilograms of crack cocaine and sentenced the defendant to a term of 180 months in prison, to be followed by a term of five years of supervised release. Thereafter, on April 21, 2008, the defendant filed a pro se motion pursuant to 18 U.S.C. § 3582, seeking retroactive application of the amended sentencing guidelines with respect to his crack cocaine offense. The Court denied the motion on the grounds that the defendant's drug quantity was in excess of 4.5 kilograms of crack cocaine. Approximately one year later, on April 27, 2009, the Court granted the government's Rule 35(b) motion and reduced the defendant's sentence from 180 months to 132 months, with all other provisions of the sentence previously imposed to remain as imposed. (ECF No. 622).

On June 27, 2011, the defendant commenced his five-year term of supervised release, and on November 30, 2011, the defendant filed the instant motion to have the "new guidelines regarding change in cocaine base ratio be applied" so as to correct his records. (ECF No. 749, at

Page 1 of 2



1 & 2). Specifically, the defendant has asked this Court to issue an order to "modify the Statutory Minimum and Maximum ranges" to reflect that the statutory ranges applicable to him "are from five (5) years to forty (40) years instead of ten (10) years to life." (ECF No. 749, at 2). The defendant seeks the issuance of the order because "[r]ecords means [sic] everything regardless of whether it will chance [sic] the outcome of a situation." (Id.).

The Court understands the defendant's reference to the "new guidelines" to mean the Fair Sentencing Act of 2010 ("FSA"). However, the FSA affords no relief to the defendant, because it is well-settled that "the FSA does not apply to persons convicted and sentenced before its effective date." Carothers v. Atkinson, C/A No. 2:13-1383, 2013 WL 3821260, at *4 (D.S.C. July 23, 2013) (citing United States v. Mouzone, 687 F.3d 207, 222 (4th Cir. 2012)). In the present case, the defendant was convicted and sentenced in 2002, approximately eight (8) years before the FSA's effective date of August 3, 2010. The FSA does not apply to the defendant's case, and, therefore, the defendant's statutory range of imprisonment remains unchanged.

For the foregoing reasons, the defendant's motion (ECF No. 749) is denied.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

September 3, 2013
Charleston, South Carolina

